640                    May 13, 2026                    No. 423

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. M. C.,
aka J. M. C., Jr.,
*Appellant.*

Lane County Circuit Court
24JU06028; A188962

Beatrice N. Grace, Judge.

Submitted April 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jose Garcia-Fuerte, Assistant Attorney General, filed the brief for the respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

PER CURIAM

Affirmed.

_____
    * Lagesen, C. J., *vice* Joyce, J.

**PER CURIAM**

Father appeals a limited review judgment entered following a limited review hearing. He assigns error to the juvenile court's denial of the joint request by father and child that child be removed from substitute care and placed in the care of father during the pendency of the wardship. Father and child made the request at the hearing and did not submit a written motion. Although neither the parties nor the juvenile court attached either the request or its resolution to a particular statute, case, or other legal standard, we understand the joint request to have, in effect, asked the juvenile court to revisit its prior dispositional determination under ORS 419B.337(1) that continuation in substitute care was in child's best interest in view of child's stated intention to be with father regardless of court order. Thus, as framed to the juvenile court, the issue presented was whether the court should maintain the status quo or, instead, reconsider its prior disposition in light of new information about how father and child were behaving. That was a matter of discretion for the juvenile court, and our review of the record persuades us that the juvenile court acted within the boundaries of its discretion in light of the information presented to it.

Affirmed.